## LUCKY TIGER-COMBINATION GOLD MINING CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 9878.

Circuit Court of Appeals, Eighth Circuit.
March 9, 1935.

George E. H. Goodner, of Washington, D. C., and William C. Michaels, of Kansas City, Mo., for petitioner.

L. W. Post, Sp. Asst. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and S. Dee Hanson, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before WOODROUGH, Circuit Judge, and FARIS and DONOHOE, District Judges.

WOODROUGH, Circuit Judge.

This appeal is from a decision of the Board of Tax Appeals sustaining the Commissioner's determination of a deficiency of $4,512.68 in the petitioner's income tax for the calendar year 1927.

The petitioner is an Arizona corporation with its principal office in Kansas City, Mo. Prior to 1913 it acquired the title to certain mining property in Mexico, which it conveyed to the Tigre Mining Company, S. A., a Mexican corporation. All of the stock of the Mexican corporation has been held at all times by the petitioner.

On March 1, 1913, the Mexican corporation had depreciable assets (plant and equipment) worth $575,636, and depletable assets worth $5,884,539, represented by 29,478,487 ounces of silver in place estimated to be recoverable, and worth 19.962147 cents per ounce. The Mexican corporation operated the property and periodically distributed its income to petitioner. To the extent that these distributions were from depletion and depreciation reserves based on the March 1, 1913, value of the properties, respondent has treated them as a return of capital to petitioner, and therefore as nontaxable. Prior to 1927 all that portion of petitioner's capital attributable to depreciable assets had been so amortized and returned to it tax free. The question involved here has to do only with the depletable assets.

From March 1, 1913, to December 31, 1915, inclusive, 5,620,167 ounces of silver were mined, which at the March 1, 1913, unit value of 19.962147 cents per ounce amounted to $1,121,905.99. The depletion deductions allowable to the Mexican corporation for the same period, under the Revenue Act of 1913 (38 Stat. 167, 172, c. 16, § 2 G), computed at 5 per cent. of the gross value of the output at the mouth of the mine, would amount to $177,600.45.

Reducing the depletable capital of the Tigre Mining Company by $177,600.45, the corporation would have a balance in depletable capital on January 1, 1927, of $241,426.07. If, however, the depletable capital is reduced by $1,121,905.99, the amount of depletion actually sustained during the period March 1, 1913, to December 31, 1915, inclusive, its depletable capital was exhausted before January 1, 1927.

In 1927 the Mexican corporation had a net profit of $470,501.71 without any deduction being made for depletion. Of that amount $300,000 was distributed to the petitioner during the year. If the Mexican corporation is permitted to deduct from its net earnings the balance the taxpayer claims as depletable capital, amounting to $241,426.07, it would have net earnings available for distribution of only $229,075.64. This amount subtracted from the $300,000 received by the petitioner leaves a balance of $70,924.36, which would be tax free. In arriving at the income on which the deficiency is based, the Commissioner included the total distribution of $300,000 to petitioner by the Mexican corporation as taxable income. The Board of Tax Appeals held that the taxpayer was not entitled to reduce the amount of the dividend received by it in 1927 by $241,426.07, for the reason that the depletable capital of the Tigre Mining Company had been exhausted prior to January 1, 1927.

The question is whether, in determining the depletable capital recoverable by the Tigre Mining Company through depletion allowances for the taxable year 1927, under section 214 (a) (9) of the Revenue Act of 1926 (26 USCA § 955 (a) (9), 44 Stat. 26), there should be deducted from the March 1, 1913, value of the properties the amount of depletion actually sustained in 1913, 1914, and 1915, or only so much as was allowable as deductions under the Revenue Act of 1913 in force in those years.

In Burnet v. Thompson Oil & Gas Co., 283 U. S. 301, 51 S. Ct. 418, 420, 75 L. Ed. 1049, the same question in relation to oil mining properties was decided unfavorably to the taxpayer. It was held that to allow a deduction in the taxable year for depletion actually sustained in and referable to other years is contrary to the theory of a tax for specific years. The Supreme Court said:

"It is evident that the act of 1913 did not allow enough to return the capital on exhaustion of the reserve. The deduction permitted by that act fell some $85,000 short of what was required in 1913–1915 for that purpose. Was it then the intent of the act of 1918 to permit a deduction from gross income for depletion which would represent

not only that year's sustained depletion, but make up for sustained but disallowed depletion in the earlier years? The Government says, and we think rightly, that there is nothing in the terms of the act to indicate any such purpose. The tax is an income tax for 1918, and in the absence of express provision to the contrary, it is not to be supposed that the taxpayer is authorized, to deduct from that year's income, depreciation, depletion, business losses or other similar items attributable to other years. The very fact that Congress denied deductions equal to the sustained depletion in the earlier years negatives an intent that they should be allowed in later years, as if for depletion then sustained. The construction adopted by the court below in effect results in including in the taxable year items referable to other years, and is contrary to the theory of a tax for specific years.

"The nature of the tax as one for annual periods has been repeatedly mentioned in dealing with its application in various situations. The taxable year 1918, and that only, is involved, and deductions applicable to that year only should be allowed."

To avoid the otherwise obvious conclusion of the question by the decision in Burnet v. Thompson Oil & Gas Company, supra, the petitioner contends that case arose under the Revenue Act of 1918 (40 Stat. 1057), which contained no such provision as is found in section 204 (c) of the Revenue Act of 1926, 26 USCA § 935 (c), upon which the instant case depends. That section provides that the basis upon which depletion is to be allowed in respect to any property shall be the same as is provided by section 204 (a) or (b), 26 USCA § 935 (a or b), for the purpose of determining the gain or loss upon the sale or other disposition of such property. Section 204 (b) provides that cost or fair market value as of March 1, 1913, whichever is greater, shall be the basis for determining the gain or loss on the sale or other disposition of property acquired before that date. Section 234 (a) (9) of the Revenue Act of 1918 (40 Stat. 1077) provides that, in the case of property acquired prior to March 1, 1913, the fair

market value of the property on that date shall be taken in lieu of its cost, with a reasonable allowance for depletion under rules and regulations prescribed by the Commissioner. Section 214 (a) (9) of the Revenue Act of 1926, 26 USCA § 955 (a) (9), likewise provides that the allowance for depletion shall be under rules and regulations prescribed by the Commissioner. Treas. Regulations 69, Art. 202. Comparison of these two acts discloses that the only material difference concerns the basis upon which allowances for annual depletion are to be made, and not the mode of determining such deductions.

No other factor appearing which would distinguish this case from Burnet v. Thompson Oil & Gas Co., supra, we are of the opinion that it is decisive of the question presented. Our conclusion necessarily disposes of the taxpayer's contention that the principles announced in United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054, are applicable here. That case involved the determination of taxable gain or loss on the sale of an oil property. It was held that, in order to ascertain the depleted cost, only the allowed depletion should be deducted from the original cost. The court, pressed by the same argument in the Thompson Oil & Gas Co. Case, carefully disposed of the point by saying: "In the one case the question is how much of the capital has already been returned tax-free; in the other how much of the oil reserve remains at the beginning of a taxable year to be depleted over the period remaining until exhaustion."

Since deductions for depletion are not a matter of right, and authority therefor must be found in the statute, Stanton v. Baltic Mining Co., 240 U. S. 103, 36 S. Ct. 278, 60 L. Ed. 546; Burnet v. Thompson Oil & Gas Co., supra, the mere fact that the Revenue Act in force in 1913, 1914, and 1915 did not authorize sufficient allowances to permit the tax free recovery of amounts approximating the actual depletion sustained does not entitle the taxpayer to redress the loss by deductions in a later year.

The judgment is affirmed.